UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER SMITH,

    Plaintiff,

vs                                                       Case No: 11-15560
                                                       Honorable Victoria A. Roberts

FANNIE MAE,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND GRANTING MOTION TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on Defendant Fannie Mae's Motion to Dismiss. (Dkt. 4). Plaintiff Jennifer Smith ("Smith") was ordered to respond to the Motion to Dismiss by March 5, 2012. (Dkt. 6). On May 16, 2012, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") for Dismissal under Federal Rule of Civil Procedure ("FRCP") 41(b); he informed Smith that she could object to and seek review of the R&R. Smith filed a response to the Defendant's Motion to Dismiss on May 18, 2012 rather than formal objections.

The Court accepts Plaintiff's filing both as a response to Defendant's Motion to Dismiss and as an objection to the Magistrate Judge's R&R. The objections are overruled; the R&R is adopted, Defendant's Motion to Dismiss is **GRANTED**.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

On June 10, 2005, Smith received a mortgage loan of $98,000.00 from Quicken Loans.

1

She and her husband, Michael Patrick Smith, issued a mortgage to Mortgage Electronic Systems, Inc. ("MERS") to secure the loan. The mortgage was recorded on June 27, 2005 and assigned to BAC Home Loans Servicing, L.P. by MERS on September 8, 2010. The mortgage was recorded in Wayne County on September 15, 2010. A notice was published in the Detroit Legal News and a copy was posted on the premises stating that the Smith property would be sold at 1:00 P.M. on November 11, 2010. The sale was suspended from November 11, 2010 until February 3, 2011. On February 3, 2011, the property was sold at a Sheriff's Sale to Defendant Fannie Mae. Smith says she knew a Sheriff's Sale could possibly happen, but she did not receive notice of it. The redemption period expired August 3, 2011; Plaintiff failed to redeem.

On November 15, 2011, Smith filed a Complaint for Quiet Title and Other Relief in state court. On December 20, 2011, Fannie Mae removed the action to this Court under 28 U.S.C. § 1446(a). On February 10, 2012, Fannie Mae moved to dismiss the quiet title action. Smith was ordered to file a response to the original motion by March 5, 2012. The order contained a warning that failure to file could result in sanctions and that some or all of the relief requested in the motion could be granted. Smith did not respond to the order or request an extension.

On April 3, 2012, the Magistrate Judge's staff spoke with Smith's counsel. Counsel indicated that a response would be filed as soon as possible. The Magistrate Judge's staff contacted counsel again on April 13, 2012 and left a voice mail message; Smith's counsel did not respond. The Court issued an order requiring Smith to file a response by April 23, 2012, with the warning that failure to respond would lead to a recommendation of dismissal of her case, and that no further extensions would be granted. Smith did not respond.

On May 16, 2012, the Magistrate Judge filed an R&R recommending that Plaintiff's Complaint be dismissed with prejudice and that the Defendant's Motion to Dismiss be denied as moot. Only then did Smith file a Response to Defendant's Motion to Dismiss.

## III. ANALYSIS

### A. Standard of Review

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6), where a plaintiff fails to state a claim upon which relief can be granted. In accordance with Rule 12(b)(6), the Court "must accept all of the plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs and Assoc., Inc. v. West Bloomfield Township, 922 F.2d 3238, 330 (6th Cir. 1990).* "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Twombly* requires "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.

### B. Recommendation for Dismissal

The Magistrate Judge recommended dismissal of Smith's complaint with prejudice for failure to comply with the court's order under FRCP 41(b) which states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

FRCP 41(b).  This sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.

The Sixth Circuit considers six factors in reviewing a district court's decision to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3D 359, 363 (6th Cir. 1999).

With respect to the second factor, Plaintiff filed a Response to the Motion to Dismiss severely late.  Defendant experienced an inconvenience but no prejudice due to the delayed response.  Accordingly, this factor does not weigh in favor of dismissal.

The Plaintiff received multiple warnings that failure to cooperate could lead to dismissal. (Dkt. 6, 7). The Court notified the Plaintiff on April 17, 2012, that **"failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party."** (Dkt. 6) (emphasis in original). Additionally, chambers staff attempted to contact Smith's counsel regarding the failure to respond. (Dkt.8). Less drastic sanctions were considered by the Magistrate Judge; he and believed them to be an ineffective use of the Court's resources.  Accordingly, the third and fourth factors weigh in favor of dismissal.

In considering the first factor, It is unclear whether Smith's failure to comply is due to willfulness, bad faith or fault. The Sixth Circuit has often separated fault of the plaintiff's counsel from that of the plaintiff. "Dismissal is usually inappropriate where the neglect is

4

solely the fault of the attorney. *Carter v. City of Memphis, Tenn*, 636 F.2d 159, 161 (6th Cir. 1980). In *Carter*, the Court found the attorney's compliance with the Court's order was insufficient; however, the plaintiff was blameless and should not be punished as a result of her attorney's actions. *Id.* On the other hand, courts have reasoned that, "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34.

Ultimately, district courts have the discretion to sanction parties for failure to comply but, "dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) citing, *J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318 (7th Cir. 1976). Further, the dismissal of an action for an attorney's failure to comply is a harsh sanction which the court should order only in extreme situations showing "a clear record of delay or contumacious conduct by the plaintiff." *Id.*

Dismissal of the action for Smith's attorney's conduct would be a severe sanction for the Plaintiff. The Court will not dismiss Plaintiff's complaint; her response to Defendant's Motion to Dismiss will be considered on its merits.

### C. Plaintiff's Complaint for Quiet Title and Other relief

Smith's complaint includes a claim quiet title, unjust enrichment, breach of implied

contract seeking specific performance, and a violation of M.C.L. § 600.3205(c).

Smith did not properly plead her claims under FRCP 12(b)(6) and 9(b). In part, her claims are based on an allegation of an oral promise for a loan modification, which is barred under the Michigan statute of frauds. For several reasons, even if Smith's Complaint is not denied for failure to comply with the Magistrate Judge's orders, Defendant's Motion to Dismiss is granted.

**Count (1): Quiet Title.**

In an action to quiet title, the plaintiff has the burden of proof and must make out a prima facie case of title. Once the prima facie case is established, the burden then shifts to the defendants. *Beulah Hoagland Appleton Qualified Pers Residence Trust v. Emmet Co Rd Comm'n*, 236 Mich. Ct. App. 546, 550; 600 N.W.2d 698, 700 (1999), citing *Stinebaugh v. Bristol*, 132 Mich. Ct. App. 311, 316, 347 N.W.2d 219 (1984). To provide prima facie evidence, the plaintiff may show the "chain of title through which they claim ownership." *Id.* at 551.

Here, Smith claims an interest in the property by way of an executed Warranty Deed (Compl. ¶ 4) and alleges that Fannie Mae sought to foreclose on the property without allowing her to enter into a loan modification to keep possession of her home. (Compl. ¶ 15, 16).

Smith believes Fannie Mae fraudulently and intentionally sought to prevent her from keeping the property. (Compl. ¶ 15). To properly allege fraud, "a party must state with particularity the circumstances constituting fraud." FRCP. 9(b). Plaintiffs must at least allege "time, place and content, the nature of a defendant's fraudulent scheme, and the injury

resulting from the fraud to allow the defendant to prepare a responsive pleading" in order to meet the requirements of Rule 9(b). *Brown v. Bank of New York Mellon*, No. 1:10-CV-550, 2011 WL 206124 at *3, citing. *US ex rel SNAPP, Inc v Ford Motor Co*, 532 F.3d 496, 504 (6th Cir. 2008).

While Smith claims to have pled fraud and irregularities (Pl.'s Resp. 6), she only explains that she believes Fannie Mae acted intentionally to mislead her; she does not provide specific details regarding the alleged fraud. (Pl.'s Resp. gen.).

Smith failed to state a claim for relief; her claim is dismissed.

**Plaintiff Lacks Standing to Challenge Foreclosure**

After a Sheriff's Sale takes place, the sheriff's deed is vested with "right title, and interest in and to the property at the expiration of their right of redemption. M.C.L. § 600.3236; *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187; 4 N.W.2d 514 (1942). Michigan law does not allow an equitable extension of the redemption period " in connection with a statutory foreclosure sale for a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Overton v. Mortg. Elec. Registration Sys.,* No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). In *Overton*, the plaintiff filed suit, alleging the defendants fraudulently conducted foreclosure proceedings against his property. *Id.* The court found that even if the plaintiff's "assertions were true and the cases he cited indeed supported his arguments, plaintiff was required to raise the arguments when the foreclosure proceedings began. *Id.*

Here, the Sheriff's Sale took place on February 3, 2011 and the redemption period ended August 3, 2011. (Dkt 4, Ex. E). Smith seeks to have the Sheriff's Sale overturned and to have all legal title to the subject property granted back to her. (Compl. ¶ 29). However,

7

once the redemption period ended, Smith no longer had standing to challenge the foreclosure or sale.

Additionally, defects in notice are not sufficient to void a foreclosure sale. Smith alleges that she did not receive proper notice of the Sheriff's Sale. (Compl.¶¶ 8-10). Fannie Mae asserts that even if this were true, "defects with the notice requirements for a foreclosure by publication are not sufficient irregularities to set aside a foreclosure sale." (Def's. Mot. to Dismiss, ¶ 6). Fannie Mae cites *Nafso v. Wells Fargo Bank, N.A.*, 2011 WL 1575372, at *3 (E.D.Mich. Apr. 26, 2011) to support their assertion. The court in *Nafso* held that alleged defects in notice were not sufficient irregularities to void the foreclosure sale. *Id.*

Here, Smith's alleged defects in notice are not sufficient to support her claim, and she lacks standing to challenge the foreclosure sale; therefore, her claim fails as a matter of law.

**Count (2): Unjust Enrichment.**

To establish a claim for unjust enrichment, a plaintiff must show: 1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. Ct. App 463, 478; 666 N.W.2d 271, 280 (2003). It is not enough to merely state that one has been unjustly enriched to the plaintiff's detriment without providing supporting details. *Smith v. Bank of America Corp.* 2011 U.S. Dist. LEXIS 14446, at *19 (E.D.Mich. February 14, 2011). Furthermore, if the plaintiff is able to show the required elements for unjust enrichment, an implied contract will only be created if there is not already an express contract on the same subject. *Id.* citing *Martin v. East Lansing School Dist.*, 193 Mich. Ct. App. 166, 177, 483; N.W.2d 656 (1992).

Smith's Mortgage and Note are established, express contracts. (Dkt. 4, Ex. C and D).

Thus, an implied contract cannot be created. In *Smith v. Bank of America Corp*, the plaintiff's allegation of unjust enrichment was dismissed because he "merely stated that the Defendants were unjustly enriched and have provided no supporting allegations." *Smith v. Bank of America Corp.,* 2011 U.S. Dist. LEXIS 14446, at *19. Smith alleges that the Defendants, "intentionally designed to preclude the Plaintiffs from entering into a Loan Modification [sic] keep possession of herr [sic] home." (Compl. ¶ 15). and misled Smith into believing that they would have a definitive decision on the loan modification status before going forward with the Sheriff Sale. (Pl.'s Resp. gen.).

Additionally, Smith's unjust enrichment claim is based on an allegation of fraud. She claims Fannie Mae was unjustly enriched by the sale of the property as a result of an implied breach of contract, misrepresentation and silent fraud. (Pl.'s Resp. gen). Smith alleges that, "[defendants] mislead [sic] Plaintiffs into believing that they would either obtain a Loan Modification, or have a definitive decision on whether they would obtain a Loan Modification before Defendants would go forward with the Sheriff Sale." (Id.).

To properly state a claim for relief, Plaintiff would have to meet the requirements of Rule 9(b) and plead with particularity the circumstances surrounding the fraud. *Brown v Bank of New York Mellon*, 2011 WL at *3, citing. US ex rel SNAPP, Inc v Ford Motor Co, 532 F.3d 496, 504 (6th Cir. 2008). She has not done so; her claim for unjust enrichment is dismissed.

**Count (3): Implied Breach of Contract.**

To properly state a claim for breach of an implied contract, the plaintiff has to provide specific facts which indicate a mutual agreement. *Smith v. Bank of America Corp.,* 2011 U.S. Dist. LEXIS 14446, at *23-24. See. Brian J. Altman & Assocs., P.C. v. Foot and Ankle Health Centers, P.C., No. 08-10810, 2008 U.S. Dist. LEXIS 89059, 2008 WL 4585123, at

*5 (E.D.Mich. Oct. 14, 2008). Here, Smith only refers to the alleged agreement to modify the loan before conducting the Sheriff's Sale, but she does not provide any details to support her claim that such an agreement existed. (Pl.'s Resp.).

Furthermore, Smith uses the doctrine of promissory estoppel to support her view that an implied contract existed and that Fannie Mae breached it. To establish a promissory estoppel claim, the party relying on it must demonstrate: (1) there was a promise, (2) the promisor reasonably should have expected the promise to cause the promisee to act in a definite and substantial manner, (3) the promisee did in fact rely on the promise by acting in accordance with its terms, and (4) and the promise must be enforced to avoid injustice. *Crown Tech Park v D&N Bank, FSB*, 242 Mich. Ct. App. 538, 548-49; 619 N.W.2d 66, 71 (2000). Smith has not alleged any facts to support this theory. Smith's Response to the Defendant's Motion merely lists the elements of promissory estoppel and claims if she had not been misled by Fannie Mae, she would have either filed for bankruptcy or obtained a temporary restraining order. (Pl.' Resp. at 4). This allegation is not sufficient to satisfy the elements of promissory estoppel.

Additionally, promissory estoppel claims based on oral promises of a loan modification are barred by the statute of frauds. M.C.L. § 566.132(2)(b). Parties may not bring actions against a financial institution to enforce promises or commitments of the financial institution to modify a loan or make any other financial accommodation, unless the promise or commitment is in writing and signed with an authorized signature by the financial institution. M.C.L. § 566.132. According to the Court in *Crown*, the language of M.C.L. 566.132 is, "unambiguous;" a party may not bring a claim against a financial institution to enforce the terms of an oral promise to waive a loan provision. *Crown Tech Park v D&N Bank, FSB*, 242

Mich. Ct. App 538, 550; 619 N.W.2d 66, 72 (2000).

Plaintiff's claim for breach of implied contract is dismissed.

**Count (4) Breach of M.C.L. § 600.3205(c)**

Smith's claim for breach of M.C.L. § 600.3205(c) is dismissed for failure to state a claim pursuant to FRCP 12(b)(6). Smith says that M.C.L. § 600.3205(a) requires Defendant to provide for modification negotiations prior to foreclosure sale. On the contrary, the statute states that within 30 days after receiving notice of the foreclosure by advertisement, the borrower may request a meeting to attempt to work out a modification of the mortgage loan to avoid foreclosure. Plaintiff has not alleged that she requested a meeting within the requisite time frame, nor that she met the criteria for a loan modification. In her Response to the Defendant's Motion to Dismiss, Smith alleges that she requested a modification but to no avail. (Compl. gen).

Under 600.3205(c)(1)-(3), Smith was required to act before the foreclosure by Sheriff's Sale commenced in order to convert the proceedings to a judicial foreclosure. Fannie Mae would only have had to participate in the loan modification process if Smith contacted a housing counselor and failed to obtain a loan modification through this meeting. .M.C.L. § 600.3205(c)(1). Without providing any other information regarding her attempt to obtain a loan modification and the outcome of her request, Smith failed to show that she is entitled to relief under M.C.L. § 600.3205(c).

## IV. CONCLUSION

For these reasons, the Magistrate Judge's R&R is adopted; Defendant's Motion to Dismiss is **GRANTED**.

**IT IS ORDERED**.

      /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 30, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 30, 2012.
>
> s/Linda Vertriest
> Deputy Clerk